UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WARNER L. WALDEN,

    Plaintiff,

v.                                                    Case No. 5:10-cv-203-Oc-23TBM

UNITED STATES PAROLE
COMMISSION, et al.,

    Defendants.
_____/

## ORDER DISMISSING CASE

Walden, who is serving a federal sentence in the Federal Correctional Institution in Coleman, Florida, files a *pro se* civil rights complaint (Doc. 1), in which he claims that, because he is "owed" ten months of credit toward his sentence, he has been "falsely incarcerated" since April, 2009. Walden asks for $425.6 million dollars in monetary damages.

In Heck v. Humphrey, 512 U.S. 477, 487 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

(footnote omitted). Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

- 2 -

Walden does not show that his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."

Additionally, in August, 2009, Walden filed a "Petition for Writ of Habeas Corpus," Walden v. Warden, case no 5:09-cv-360-31-GJK, in which he alleges that the Bureau of Prisons improperly calculated his initial parole eligibility date. That matter pends. Accordingly, this action is **DISMISSED without prejudice**, and the Clerk shall enter judgment accordingly, terminate any pending motion, and close the case.

ORDERED in Tampa, Florida, on October 28, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE